UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| FREDERIC ROLAND and<br>JOSE ANTONIO RAMOS LIMA,<br>on behalf of themselves and all others<br>similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARDINAL LOGISTICS<br>MANAGEMENT CORPORATION,<br>d/b/a CARDINAL HOME<br>DELIVERY CARRIERS,<br><br>Defendant. | Civil Action No. 1:23-cv-11586 |

## CLASS ACTION COMPLAINT

**I.    INTRODUCTION**

1.     This is an action brought on behalf of current and former Massachusetts delivery drivers of Defendant Cardinal Logistics Management Corporation, d/b/a Cardinal Home Delivery Carriers ("Cardinal"), who were deprived of wages due them under the Massachusetts Wage Act in violation of M.G.L. c. 149, § 148. The above-named Plaintiffs bring this action on behalf of themselves and on behalf of a class of similarly situated persons who have worked as delivery drivers for Cardinal in Massachusetts and who were classified as independent contractors for statutory claims that stem from the same Wage Act violations.

**II.    THE PARTIES**

2.     Plaintiff Frederic Roland is an adult resident of Massachusetts. From approximately October 2022 until April 2023, Plaintiff Roland worked for Cardinal in the

Commonwealth of Massachusetts as a delivery driver delivering Bob's Discount Furniture merchandise. Plaintiff Roland performed deliveries out of Cardinal's warehouse in Stoughton, Massachusetts.

3. Plaintiff Jose Antonio Ramos Lima is an adult resident of Massachusetts. Plaintiff Lima worked for Cardinal in the Commonwealth of Massachusetts as a delivery driver from September 2022 to May 2023, delivering Bob's Discount Furniture merchandise. Plaintiff Lima performed deliveries out of Cardinal's warehouse in Stoughton, Massachusetts.

4. The above-named Plaintiffs bring this action on behalf of a class of similarly-situated individuals, namely, all other persons who have executed transportation services agreements (either personally or on behalf of corporate entities) with Cardinal and who personally provided delivery services for Cardinal in Massachusetts.

5. Defendant Cardinal is a foreign corporation incorporated under the laws of the State of North Carolina, with its headquarters in Concord, North Carolina. Cardinal does business in Massachusetts, performs deliveries in Massachusetts, and operates delivery facilities in Massachusetts.

### III.   JURISDICTION

6. Venue in this Court is proper because the events set forth in this Complaint took place in Stoughton, Massachusetts, in this judicial district.

7. The Court has personal jurisdiction over Defendant Cardinal because its conduct in the State of Massachusetts underlies all claims in this suit.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because each of the Plaintiffs resides in a different state from each of the Defendants, and because, taken individually, each of Plaintiff's claims, with interest and statutory penalties, exceeds $75,000.

**IV.     STATEMENT OF FACTS**

9.      Cardinal is in the business of providing the delivery of retail merchandise to its customers. Cardinal provides delivery services for companies such as Bob's Discount Furniture. In order to carry out this central function, Cardinal purports to contract with individuals such as Plaintiffs, to drive a delivery truck and to deliver retail merchandise to customers' homes.

10.     In order to do this work, Cardinal required Plaintiffs, as well as the other members of the class, to sign an agreement which stated that the drivers were independent contractors.

11.     Although Cardinal classified Plaintiffs, as well as other class members, as independent contractors, the control manifested over the drivers by Cardinal as well as the drivers' inability to maintain an independently established business demonstrates that they qualify as Cardinal's employees under the Massachusetts Wage Act.  The following facts support this claim:

  a.    Plaintiffs, as well as the other drivers, were required to report to Cardinal's warehouse in Stoughton, Massachusetts, at specified times, at which time they would be provided with a list of deliveries to make.

  b.    Plaintiffs, as well as the other drivers, were and/or are instructed to load the goods to be delivered onto their trucks in a specific order.

  c.    Plaintiffs, as well as the other drivers, were and/or are instructed to make all deliveries within time windows set by Cardinal.

  d.    The manifests received by Plaintiffs, as well as the other drivers, instructed and/or instruct them as to whom deliveries must be made to, the order in which deliveries are to be made, and locations where deliveries to be made. Sometimes, during the day, additional deliveries that were not originally scheduled for the day are added to Plaintiffs and other drivers' routes and

        they are not allowed to postpone those deliveries for another day or to turn them down.

    e. Plaintiffs, as well as the other drivers, were and/or are required to wear uniforms when making deliveries for Cardinal. Uniforms included a badge that identified the drivers as Cardinal drivers or helpers as well as shirts with the "Cardinal" logo.

    f. Plaintiffs, as well as the other drivers, were and/or are required to carry a cell phone so that they may receive calls from Cardinal. Cardinal contacts Plaintiffs during the day with instructions related to cancellations and rescheduling of deliveries.

    g. Plaintiffs and other drivers also had to acquire and/or carry with them handheld mobile computer devices with applications or software to track the merchandise being delivered through the reading of bar codes or other identifiers.

    h. Plaintiffs, as well as the other drivers, were and/or are required to be in contact with Cardinal dispatchers regarding the status of deliveries.

    i. Cardinal took deductions from Plaintiffs' and class members' pay for damage to customer property, as described below.

    j. Plaintiffs, as well as the other drivers, were and/or are required to get signatures from customers when deliveries are made.

12. Cardinal requires delivery drivers with which it contracts to have or lease a truck that meets specifications determined by Cardinal.

13. Cardinal kept track of Plaintiffs' performance, as well as the performance of its other delivery drivers, through a scoring system. Cardinal used this scoring system in assigning routes to Plaintiffs and other drivers.

14. Cardinal also requires delivery drivers with which it contracts to obtain insurance, including automobile liability, commercial general liability, umbrella liability, cargo, and worker's compensation coverage, at levels dictated by Cardinal.

15. Cardinal retained the right to terminate its contracts with Plaintiffs, as well as the other class members, without cause.

16. Plaintiffs, as well as the other class plaintiffs, performed and/or perform work which is integral to the business of Cardinal – i.e., they perform delivery services and Cardinal is engaged in the business of providing delivery services to its customers.

17. Plaintiffs, as well as the other class plaintiffs, do not have an independently established trade or business in that they are dependent upon Cardinal for their work, they do not negotiate with Cardinal customers regarding the rates charged for their services, and they are not permitted to contact Cardinal customers independent of Cardinal.

18. Plaintiffs, as well as other class plaintiffs, are not permitted to subcontract or assign their rights under their agreement with Cardinal to another delivery driver.

19. Cardinal deducts certain expenses directly from the compensation it pays, including deductions for insurance, uniforms, and administrative costs such processing fees, and compels Plaintiffs and other drivers to incur certain expenses which would normally be borne by an employer, such as for fuel costs, vehicle maintenance costs, and payments to helpers.

20. When Cardinal determines, in its sole discretion, that a delivery has been made in a manner it deems to be unsatisfactory (e.g., damaged goods, damage to customer property),

Cardinal will deduct the costs of such damage from pay checks. Plaintiffs as well as the other drivers could not and/or cannot appeal such deductions.

21. Plaintiff Roland filed a complaint with the Fair Labor Division of the Massachusetts Attorney General's Office claiming he was misclassified as independent contractors and that Cardinal's practices violated M.G.L. c. 149, § 148, and the Attorney General's Officer authorized his private rights of action on May 30, 2023.

22. Plaintiff Lima filed a complaint with the Fair Labor Division of the Massachusetts Attorney General's Office claiming he was misclassified as independent contractors and that Cardinal's practices violated M.G.L. c. 149, § 148, and the Attorney General's Officer authorized his private rights of action on May 25, 2023.

## COUNT I
## Massachusetts Wage Law

23. Plaintiffs reallege and incorporate by reference herein all allegations in all preceding paragraphs.

24. Plaintiffs and similarly situated drivers are employees of Cardinal pursuant to the Massachusetts Wage Law, M.G.L. c. 149, §148.

25. As a result, the actions of Cardinal as set forth above in deducting certain expenses from its workers' pay, including for damage claims, uniforms, and insurance are unlawful under the Massachusetts Wage Law, M.G.L. c.149, §148, and c. 149, §150.

## CLASS ALLEGATIONS

26. Plaintiffs bring this action individually and on behalf of a class of individuals similarly situated pursuant to Mass. R. Civ. P. 23.

27. The class of individuals similarly situated are all individuals like the Plaintiffs who have performed or currently perform delivery services for Cardinal as delivery drivers within the Commonwealth of Massachusetts and were classified as independent contractors by Cardinal.

28. The Class meets all the prerequisites of Rule 23 of the Massachusetts Rules of Civil Procedure. At least 40 drivers have performed delivery services for Cardinal in Massachusetts and were classified as independent contractors during the applicable statutory period.

29. The Plaintiffs' claims related to their misclassification are not only typical of the claims of putative class members, they are identical.

30. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' counsel is competent and experienced in litigating large wage and hour class and collective actions.

31. Common issues, such as whether Cardinal's policy of making unauthorized deductions the Plaintiffs' pay violates the Massachusetts Wage Act, predominate over any individualized issues.

32. A class action is the superior method of trying these claims. The expense and burden of individual litigation makes it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Were each individual class member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, seek the following relief:

  A. Certification of this case as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure;

  B. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

  C. Pre-judgment interest and post-judgment interest as provided by law;

  E. Attorneys' fees and costs of the action;

  F. Statutory damages pursuant to M.G.L. c. 149, § 150;

  G. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under M.G.L. c. 149, § 148;

  H. Application of statutory treble damages;

  K. Such other relief as this Court shall deem just and proper.

WHEREFORE, the Plaintiffs respectfully request that this Court grant them appropriate compensatory relief, attorneys' fees, interests and costs to certify this action to proceed as a class action under Mass. R. Civ. P. 23.

DATED: July 14, 2023

Respectfully Submitted,
FREDERIC ROLAND and
JOSE ANTONIO RAMOS LIMA,
on behalf of themselves and all others
similarly situated,

By their attorneys,

/s/ Harold Lichten
Harold L. Lichten BBO# 549689
Olena Savytska BBO# 693324
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994 5800
hlichten@llrlaw.com
osavytska@llrlaw.com

James W. Simpson
Law Offices of James W. Simpson, Jr., P.C.
100 Concord St., Ste. 3B
Framingham, MA 01702
508-872-0002
james@simpsonlawoffices.com